## Commonwealth v. Roth

*Charles A. Greer*, for Commonwealth.

McKENRICK, J., January 8, 1947.—On oath of Blair Singer, school attendance officer for Jackson Township, Cambria County, Pa., defendant, Mike Roth, was charged with failure to require his son, Andrew Roth, to attend school. A hearing was held on November 6, 1946, before Justice of the Peace Cunningham and defendant was found guilty. An appeal was taken to the court of quarter sessions and a hearing de novo was accorded defendant.

Andrew Roth, the son of defendant, failed to attend school as required by the School Code of May 18, 1911, P. L. 309, secs. 1414 et seq., as amended, and the said Andrew Roth did not have an employment certificate issued by the board of school directors which would excuse him from attending school. It seems that application had been made for such certificate and the school board, in its discretion, refused to issue same. At the hearing on this appeal, evidence was presented showing that the physical condition of Mike Roth, defendant, is such that he is unable to do the farm work required to be done and that the services of his son, Andrew Roth, are absolutely necessary. We are satisfied from the testimony and from our personal observation of defendant that he is not able to do the necessary work at home without assistance.

The next question considered was whether Andrew Roth could perform the necessary services and still attend school regularly. In order to satisfy ourselves as to the necessity for Andrew's services at home, we had our probation officers make a complete investigation. We incorporate in this opinion a part of that report:

"We found that they have 3 cows, 1 bull, 3 horses, 4 pigs, and about forty chickens. They have a farm of about eighty acres. About fifty acres are cleared for farming.

"Andy takes care of the stock. He sees that they are fed and watered and that the barn is cleaned. He also does other necessary chores about the farm during the winter. The water for the stock is about one hundred yards from the barn. The stock must be taken to this water twice each day. He also does the plowing and helps with the planting and cultivation of the crops.

"They put up about twenty-five tons of hay last summer and have this to help feed the stock. However, they must buy all other necessary feed because Mike

was unable to do any plowing in order to get the planting done. Mike stated that he will be able to raise more feed next year because Andy did some of the plowing last fall. They did grow some potatoes and other food for the family last summer.

"There is enough work around this farm to keep Andy busy. It would be too much of a burden for him to try to do his chores before and after school hours."

We realize the necessity of an education and we feel personally that Andrew Roth should attend school and get such benefit from his attendance as he can. We realize also that we have no authority to control the action of the school board insofar as a work permit is concerned, and if the board uses its lawful discretion, that discretion cannot be reviewed by the court. However, we do have power when such cases come before us to determine de novo the guilt or innocence of defendant and to order such punishment within the terms of the statute as may be appropriate.

It is clear that Mike Roth, defendant, does not require his son, Andrew, to attend school and it is equally clear that Andrew has no permit which would excuse him from so attending. Under the evidence in this case, defendant, Mike Roth, is guilty of a violation of the School Code. However, that violation seems to us, under all the circumstances, to be merely technical and in the exercise of our discretion, we do not intend to impose a fine upon defendant. It is to be understood, however, that the decision of the court in this particular case is not intended to be nor will it be regarded as a precedent in other similar cases if such should be brought before us.

### Order

Now, January 7, 1947, defendant is adjudged guilty after hearing de novo; the costs, however, of this proceeding to be paid by the County of Cambria.